# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN,

      Debtor.

Case No. 15-12459
Hon. Denise Page Hood

_____/

MICHAEL A. MASON, TRUSTEE and
BARBARA DUGGAN,

      Appellants,

v.

CHRISTOPHER D. WYMAN and
DIANA KAYE GENTRY,

      Appellees.

(Bankruptcy Case No. 12-32264)
(Adv. Proc. No. 12-03347)

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on a Motion for Reconsideration[1] filed by Appellants Bankruptcy Trustee Michael A. Mason and Barbara Duggan filed August 10, 2015. On July 31, 2015, the Court entered an Order dismissing this action for lack of jurisdiction pursuant to its Order dismissing the related bankruptcy appeal in Case No. 15-12031, *In re Christopher D. Wyman, Debtor*. It is noted no motion for reconsideration was filed in Case No. 15-12031.

---

[1] Appellants also chose the "Motion for Attorney Fees" event entry which does not appear to be applicable to the instant motion. The Court denies this motion.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Appellants argue that this Court erred in ruling that it lacked jurisdiction over the two orders appealed from in this action. The Court finds the Appellants have failed to demonstrate that the Court was misled by a palpable defect in issuing its Order dismissing this action. The Court did not err in dismissing the instant action in

light of its dismissal of the related Case No. 15-12031. The Court denies the Appellants' Motion for Reconsideration.

Accordingly,

IT IS ORDERED that the Appellants' Motion for Attorney Fees and Motion for Reconsideration **(Doc. No. 4)** are DENIED.

S/Denise Page Hood
Chief Judge, United States District Court

Dated: March 28, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager